**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Frank J. Peta, Jr., | : | |
| Debtor. | : | Bankruptcy No. 19-13264-**MDC** |
| | | |
| Arlene Masi, | : | |
| Plaintiff, | : | |
| v. | : | Adversary No. 20-00242-**MDC** |
| Frank Peta, Jr., | : | |
| Defendant. | : | |

# **MEMORANDUM**

**I.  INTRODUCTION**

Pending before the Court is an adversary proceeding (the "Adversary Proceeding") initiated by Arlene C. Masi ("Ms. Masi") against the debtor, Frank Peta, Jr. (the "Debtor," and together with Ms. Masi, the "Parties").  Ms. Masi is seeking damages from the Debtor's estate arising out of an allegedly faulty roof the Debtor installed on her property.  As discussed below, one of the Complaint's three counts, asserting a breach of contract claim, has already been dismissed with prejudice because it formed the basis of Ms. Masi's previously-adjudicated proof of claim against the Debtor.  The Debtor now seeks dismissal of the remaining two counts, grounded in Pennsylvania statutory law, on the basis that they were required to be asserted in Ms. Masi's proof of claim against the estate, rather than in this Adversary Proceeding.  The Court agrees, for the reasons discussed *infra*, and will dismiss the remaining counts of the

Complaint with prejudice.

II.  **RELEVANT PROCEDURAL BACKGROUND**

On May 21, 2019, the Debtor filed a voluntary petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code").  On June 4, 2019, the Debtor filed his initial Schedule E/F,[1] which did not identify Ms. Masi as holding a claim against the Debtor.  Based on the filing date, the deadline by which claims were required to be filed was July 30, 2019.

On April 8, 2020, the Debtor filed an *Emergency Motion to Lift Bank Levy* (the "Levy Motion"),[2] by which the Debtor sought an order from the Court lifting a levy on his bank account (the "Levy") in favor of Ms. Masi, based on a judgment she obtained against the Debtor post-petition.  One day later, on April 9, 2020, the Debtor amended his Schedule E/F to list Ms. Masi as having a disputed claim in the amount of $1.00, based on "alleged breach of contract."

On April 14, 2020, the Court held a hearing on the Levy Motion.  At the hearing, Ms. Masi advised that she was not scheduled as a creditor, did not receive notice of the bankruptcy case, and had not filed a proof of claim.  The Court therefore lifted the Levy but extended Ms. Masi's deadline to file a proof of claim pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(6)(A).[3]  The Court directed counsel for the Debtor to provide Ms. Masi with the form

---

[1] Bankr. Docket No. 15.

[2] Bankr. Docket No. 81.

[3] Rule 3002(c)(6)(A) provides that "On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion.  The motion may be granted if the court finds that: (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(A)."

required to submit a proof of claim against the Debtor's estate.

On April 22, 2020, Ms. Masi filed a proof of claim[4] in the Debtor's bankruptcy case in the amount of $5,039.75, stating that the basis for the claim was "Municipal default judgment breach of contract SC-19-10-09-4162." On May 4, 2020, the Debtor filed an objection to Ms. Masi's claim (the "Claim Objection") on various grounds.[5] On June 22, 2020, counsel for Ms. Masi entered her appearance in the Debtor's bankruptcy case[6] and filed a response to the Claim Objection (the "Response").[7] Thereafter, the Court scheduled a hearing on the Claim Objection for September 11, 2020.

Two days prior to the hearing on the Claim Objection, on September 9, 2020, Ms. Masi filed a Complaint[8] to initiate the Adversary Proceeding against the Debtor. The Complaint asserted claims that the Debtor is liable to Ms. Masi for breach of contract (the "Contract Claim Count") and violation of Pennsylvania's Uniform Trade Practices and Consumer Protection Law and Homeowners Improvement and Consumer Act (the "Statutory Claim Counts").

On September 11, 2020, the Court held an evidentiary hearing on the Claim Objection and the Response. Four days later, on September 15, 2020, the Debtor-Defendant filed a motion to dismiss (the "Motion to Dismiss")[9] the Complaint on various grounds. On October 22, 2020, the Court held a hearing on the Motion to Dismiss, at the conclusion of which the Court granted it in part and denied it in part on the record, dismissing the Contract Claim Count with prejudice

---

[4] Proof of Claim No. 11.
[5] Bankr. Docket No. 95.
[6] Bankr. Docket No. 111.
[7] Bankr. Docket No. 112.
[8] Adv. Pro. Docket No. 1.

because it was the subject of Ms. Masi's proof of claim, and denying the motion with respect to the Statutory Claims.[10] On December 15, 2020, the Debtor filed an Answer to the Complaint.[11]

Pursuant to the scheduling order in the Adversary Proceeding, on June 29, 2021, the Debtor submitted a pre-trial statement.[12] In that pre-trial statement, he asserted, *inter alia*, the existence of a legal issue with respect to whether Ms. Masi's proof of claim "cover[s] all possible claims that [Ms. Masi] could or would have against Debtor pre-petition…." (the "Claim Scope Issue"). The following day, on June 30, 2021, the Court held a pre-trial hearing, and after hearing from the Parties regarding the Claim Scope Issue the Debtor raised, directed the Parties to submit briefs on the issue on or before July 23, 2021.[13]

On July 23, 2021, the Debtor submitted a brief on the Claim Scope Issue,[14] but Ms. Masi did not. On September 16, 2021, the Court held a telephonic conference with the Parties, at which time it advised that it would require the Parties to submit further briefing addressing the Claim Scope Issue.[15] On September 23, 2021, the Court entered an order scheduling trial in the adversary proceeding for January 31, 2022, and directing the Parties to each submit a pre-trial brief (each, a "Pre-Trial Brief") addressing the following two issues: "(i) whether the remaining claims (the "Remaining Claims") in the Complaint, *i.e.,* Count II (Violation of the UTPCPL) and

---

[9] Adv. Pro. Docket No. 3.

[10] The Order effectuating the Court's oral ruling was entered on July 2, 2021. Adv. Pro. Docket No. 14.

[11] Adv. Pro. Docket No. 7.

[12] Adv. Pro. Docket No. 10.

[13] Adv. Pro. Docket No. 12.

[14] Adv. Pro. Docket No. 12.

[15] The Court did so having no brief at all on the Claim Scope Issue from Ms. Masi and, after review of the Debtor's brief, determining that it failed to adequately address the issue despite the Debtor having raised it in his pre-trial statement.

Count III (Violation of UTPCPL Breach of Warranty), are barred for the plaintiff's failure to include those claims in her proof of claim, and (ii) if not, are the Remaining Claims precluded by the doctrine of *res judicata*." On November 18, 2021, the Debtor filed his Pre-Trial Brief.[16] On December 18, 2021, Ms. Masi filed her Pre-Trial Brief.[17]

On January 31, 2022, the Court advised the Parties that, rather than proceed with trial on the remaining two counts of the Complaint, it would first render a decision on the Claim Scope Issue. The trial was therefore continued pending that decision.[18]

### III. DISCUSSION

At the hearing on the Levy Motion on April 14, 2020, the Court, based on the Debtor's recent amendment of his Schedule E/F to include Ms. Masi's unsecured claim, granted Ms. Masi an extension of the deadline to file a proof of claim against the Debtor's estate. As noted *supra,* pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(6), that extension could not exceed 60 days, which was June 13, 2020.[19] Ms. Masi filed her proof of claim well within that deadline, on April 22, 2020. The claim, however, asserts liability based only on breach of contract. It does not assert any claim or liability based on Pennsylvania statutory law. Rather, Ms. Masi first asserted the Debtor was liable to her under Pennsylvania statutory law through her Complaint, filed in the Adversary Proceeding on September 9, 2020, seeking damages against the estate in the amount of $5,698.50, plus treble damages and attorney fees and costs.

---

[16] Adv. Pro. Docket No. 23.

[17] Adv. Pro. Docket No. 24.

[18] Despite having a "second bite at the apple," neither Party adequately addressed the Claim Scope Issue in their Pre-Trial Briefs, necessitating the Court to perform its own research on the issue without any meaningful assistance from the Parties.

[19] Because June 13, 2020, was a Saturday, the deadline fell to Monday, June 15, 2020.

In her Pre-Trial Brief, Ms. Masi admits that the Statutory Count Claims are distinct from the breach of contract claim asserted in her proof of claim: "All of these Allegations [within the Complaint] create separate and distinct causes of action from the out of pocket expenses Masi claimed within the proof of claim … Within the two claims remaining within her adversary proceeding, Masi sets forth two UTPCPL counts, which are based on the UTPCPL statute proper . . . As such, they are not contract or tort claims, but instead, they are statutory claims that supersede common law disputes . . . Masi's Proof of Claim contained none other than common law matters in dispute … The claims in the proof of claim and adversary are distinctly different and therefore, invulnerable to the defenses of *res judicata* and collateral estoppel."[20]

Because the Statutory Claim Counts seek monetary damages from the Debtor's estate, the procedurally proper route for asserting those claims is through the claims administration process. *See In re RS Legacy Corp.*, 2017 WL 3837294, at *2 (Bankr. D. Del. Aug. 31, 2017) ("Case law in this Circuit dictates that if the Plaintiff seeks payment from the Debtors' bankruptcy estate, she must first file a proof of claim in the Chapter 11 cases.") (*citing* 11 U.S.C. §§501, 502, *In re Reinford*, 2011 WL 139207 (Bankr. E.D. Pa. Jan. 11, 2011)). Ms. Masi did not do so, instead asserting them by initiating the Adversary Proceeding against the Debtor after her extended proof of claim deadline had expired. Her vehicle to assert damages against the estate was her proof of claim, not an adversary action. *See Robert Christopher Assocs. v. Franklin Realty Group, Inc. (In re FRG, Inc.)*, 121 B.R. 710, 714 (Bankr. E.D. Pa. 1990) ("Clearly, a creditor cannot circumvent the temporal proscription of a bar date by the facile device of filing an adversary proceeding against a debtor after the bar date has run. We have previously held that is

---

[20] Masi Pre-Trial Brief, at 6-7.

usually improper to assert a monetary claim against a debtor by means of an adversary proceeding in any event.") (*citing In re Clark*, 91. B.R. 324 (Bankr. E.D. Pa. 1988); *RS Legacy*, 2017 WL 3837294, at *2 (quoting and agreeing with *FRG*).[21]  The grounds for her Statutory Claim Counts, of which Ms. Masi knew at the time she filed her proof of claim, were required to be included in that claim and dealt with through the claims administration process.

Pleadings or other filings can sometimes serve as an informal proof of claim.  *See In re Am. Classic Voyages Co.*, 405 F.3d 127, 131 (3d Cir. 2005) ("Under the five-part test [for an informal proof of claim], a document will qualify as an informal proof of claim in bankruptcy only if it is in writing, contains a demand by the creditor on the bankruptcy estate, expresses an intent to hold the debtor liable for the debt, and the document is filed with the bankruptcy court. If a document meets those four requirements, the bankruptcy court must determine whether, given the particular surrounding facts of the case, it would be equitable to treat the document as a proof of claim.").  A threshold requirement for a court to consider an informal proof of claim, however, is that such document be filed before the bar date.  *RS Legacy*, 2017 WL 3837294, at *3 (*citing FRG*, 121 B.R. 710 and *In re Wilbert Winks Farm, Inc.*, 114 B.R. 95, 97 (Bankr. E.D. Pa. 1990)).  As discussed, *supra,* the Complaint was not filed within Ms. Masi's extended deadline for filing a proof of claim, and therefore cannot qualify as an informal proof of claim, even if it could be found to have met all other requirements for such.[22]

---

[21] None of the cases Ms. Masi cites in her Pre-Trial Brief, which she argues support a litigant's right to split claims in different actions, address the principle that in bankruptcy, the claims process, not an adversary action filed after the bar date, is the required procedural vehicle for asserting monetary claims against the estate.

[22] Moreover, even if her Response to the Debtor's Claim Objection could otherwise qualify as an informal proof of claim, it too was untimely, having been filed on June 22, 2020, after Ms. Masi's extended claim deadline had passed.

7

Having failed to assert the Statutory Claim Counts through the claims process in the Debtor's bankruptcy case, formally or informally, she cannot do so through the Adversary Proceeding filed after her extended claims bar date had passed.

## IV. CONCLUSION

For the reasons set forth above, the remaining Statutory Claim Counts of the Complaint will be dismissed with prejudice. An Order consistent with this Memorandum will be entered.

Dated: February 24, 2022

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Diane S. Tosta, Esquire
PO Box 618
Eagleville, PA 19408

Ronald G. McNeil, Esquire
McNeil Legal Services
1333 Race Street
Philadelphia, PA 19107-1585